CHARLES BLISS & others *vs.* GEORGE W. BRADFORD & another.

A conveyance of land was made in 1771 to J. S. and his heirs, in trust for the support and maintenance of ministers who should be ordained and settled over the Anabaptist Society in C., and upon condition that if the land or the rents and profits thereof should be misapplied, the land should revert to the grantor. J. S. having died, and his heirs, if living, being scattered and their places of residence unknown, the court, on the petition of four members of an Anabaptist Society, which had existed *de facto* in C. for more than fifty years, appointed a trustee under the deed, without examining whether the land had been forfeited by misappropriation.

PETITION of Charles Bliss and fifteen others, representing themselves to be members of the " First Anabaptist Society and Congregation " in Cheshire, setting forth a deed made by Nicholas Cooke and Joseph Bennett on the 20th of January 1771, conveying fifty acres of land, in that part of New Providence which is now Cheshire, to Joab Stafford and his heirs, in trust, for the support and maintenance of Anabaptist ministers of the gospel who should be duly ordained and settled over the Anabaptist Society in New Providence, and upon condition that if the land or the income, rents and profits thereof should at any time be converted to any other use or purpose, or should be misapplied or perverted, contrary to the true intent and meaning of the deed, then the lands granted should revert to the grantors and their heirs. The petition then averred that said lands and the income, rents and profits thereof had ever since been appropriated and applied to the uses and purposes of said trust, and to no other uses and purposes, and that nothing had been done, either by the trustees or *cestuis que trust*, by which a forfeiture of the trust property could be worked; that Joab Stafford was dead, and his heirs, if any were now living, were dispersed and scattered, and their places of residence unknown to the petitioners; and that the respondents and others, heirs at law of Bennett, claimed a right to enter into the possession of said lands, and had interrupted and disturbed the society in their enjoyment thereof. The petition concluded with a prayer for the appointment of a trustee to execute and carry out the trusts created by the deed, and for general relief.

The answer admitted the conveyance in trust, as set forth in the petition; but denied that the petitioners, or any of them, were at the date of the petition members of the " First Anabaptist Society and Congregation" in Cheshire, or that there then was any such Anabaptist society; and alleged that Joab Stafford and his heirs were dead, dispersed or scattered; that the rents and profits of the lands had not been applied according to the true intent and meaning of the deed; and that the estate was thereby forfeited, and reverted to the heirs of the grantors.

At the hearing before *Dewey,* J. it appeared in evidence that a religious society, known as the " First Baptist Church and Society," but which was in all respects an Anabaptist society, had existed in Cheshire for fifty years or more, as an acting society, holding meetings, having regular ministers, and applying to their support the rents and income of the lands in question. It was also proved to the satisfaction of the presiding judge that four of the petitioners were members of this society. The case was reserved for the consideration of the full court, upon a report of the evidence, (which is not material to be stated,) as to the membership of the other petitioners, and as to the purposes to which the rents and profits of the trust estate had been applied; the respondents insisting that there had been a misapplication thereof by applying them to the support of ministers not duly ordained, and to the repairs of the premises.

*G. J. Tucker & J. Branning,* for the petitioners.

*H. L. Dawes & J. T. Robinson,* (*T. Robinson* was with them,) for the respondents.

THOMAS, J. The report finds the following facts: The creation of the trust as set forth in the bill; the existence *de facto* for more than fifty years of an Anabaptist society in the place formerly called New Providence, now Cheshire; that four of the petitioners are members of such society and beneficially interested in the trust; the death of the original trustee, and that his heirs, if any are now living, are scattered and their places of residence unknown.

A case for the appointment of a trustee is shown, and a court

of equity cannot suffer the trust to fail for want of such trustee. The petitioners are rightfully in court, upon the familiar rule, that where the parties are numerous and the question one of common or general interest, one or more of such parties may petition for the benefit of the whole.

The objection, that the petitioners, as members of a body corporate, have no right to apply for the appointment of a trustee, need not be considered; for it is not shown in point of fact that the society is a body corporate. Nor upon this application for the appointment of a trustee is the question open, whether or not there has been a forfeiture of the estate. That is a question of law to be determined when there is a tenant to the præcipe, or when a trustee shall have been appointed, and shall have accepted the trust. The appointment of a trustee settles no rights of the parties, but only puts them in a position to try them *Trustee to be appointed*